UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Laxman S. Sundae,                                           Civ. No. 17-2704 (PAM/DTS)

                          Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Townhouse Association Inc.,
Paramark Corp., Jamie Keenan/
Brossart/Howe, David Gerlach,
Steven Howard, Inez Earl, and
Virginia Stern,

                          Defendants.

_____

       This matter is before the Court on Defendants' Motion to Dismiss.  For the

following reasons, the Motion is granted.

**BACKGROUND**

       Plaintiff Laxman S. Sundae, proceeding pro se, owns units in two buildings in the

Skyview Townhouses in Owatonna. The allegations in the Complaint are difficult to

discern, but Sundae appears to be trying to represent a group of townhouse owners who

claim that the Townhouse Association did not repair certain buildings in the townhouse

development because of racial bias.  The Association has also attempted to foreclose on

Sundae's properties as well.  (Compl. ¶¶ 52-53.)  He has sued the Association, Paramark

Corporation, whose affiliation with the events described in the Complaint is unclear, and

several individual Defendants who appear to be officers of the Association.

       There are no counts in the Complaint and the only law mentioned is the Fair

Housing Act.  The Complaint seeks permission for Sundae to file a motion to suspend the

pending foreclosure proceedings, order two of the individual Defendants to pay him money for mental anguish, racially motivated harassment, and defamation, order Defendants "to engage in compulsory arbitration appointment practicing in the field of common interest to community law to fix the amount of restitution to make plaintiff whole," and order Defendant Paramark to give Plaintiff an accounting of money received from the sale of his units and to pay unspecified damages for Paramark's failure to repair those units. (Compl. at p. 9.) Paramark has not entered an appearance, and several of the individual Defendants contend that they have not been properly served with the Complaint.[1]

Sundae has filed at least seven previous state-court actions against the Association and various other defendants, including the individual Defendants here. In at least one of those actions, Sundae was ordered to pay defendants' costs because he had no legal basis to bring the case. Order, Sundae v. Keenan, No. 74-CV-15-845 (Minn. Dist. Ct. Aug. 25, 2015). All of the cases allege similar facts to those alleged here—Sundae claims that the individual Defendants are not properly officers of the Association, that the Association did not do what it was supposed to do, that he made repairs when the Association would not and the Association has refused to reimburse him for those repairs, and so on. He most recently attempted to file a lawsuit in May 2017 but the Steele County court refused to accept the filing, requiring Sundae to pay a $20,000 bond to file anything further

---

[1] Defendants acknowledge that the time for service has not yet run, although they believe that a 120-day limit applies to service of complaints in federal court. In fact, the Rules require service in 90 days. Fed. R. Civ. P. 4(m). Sundae filed the Complaint on July 10, 2017. Ninety days from July 10 is October 8, but because October 8 is a Sunday and October 9 is a legal holiday, Sundae has until October 10 to effect service. Id. R. 6(a)(1).

because he has been adjudged a frivolous litigant. Order, <u>Sundae v. Skyview Townhouses Ass'n</u>, No. 74-CO-17-62, 74-CO-17-63 (Minn. Dist. Ct. May 16, 2017).

**DISCUSSION**

Defendants seek dismissal of the Complaint, arguing that the statute of limitations bars Sundae's federal statutory claims and that res judicata bars him from litigating any of the other issues the Complaint could arguably raise. Sundae filed no response to the Motion, but appeared at the hearing to argue his cause. He asked the Court to continue the matter for 60 to 90 days to allow him to secure representation. But as the Court stated at the hearing, Sundae has had months, if not years, to find counsel to represent him in these grievances with the Association and has not done so. Any further continuance is not warranted. Sundae also asks the Court to order Defendants to arbitrate the dispute. But the Court has no power to order parties to arbitration in the absence of a contract or some other document evidencing the parties' intent to arbitrate.

To the extent that Sundae raises claims under the Fair Housing Act ("FHA"), those claims are untimely. The events in the Complaint allegedly occurred in 2012, but the statute of limitations for FHA claims is 2 years. 42 U.S.C. § 3613(a)(1)(A). At the hearing, Sundae provided the Court with an "Affidavit in Support of Appointment of an Arbitrator."[2] In this Affidavit, he complains of allegedly harassing and threatening conduct that occurred in 2015. A litigant may not amend his complaint by affidavit, however, and thus this Affidavit cannot suffice to render his statutory claims timely. See

---

[2] Sundae did not file this Affidavit, but the Court has provided the Affidavit to the Clerk's Office so that it can be filed.

Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation omitted).

More importantly, however, Sundae has repeatedly litigated his claims and the facts underlying his claims in state court. (See Defs.' Supp. Mem. (Docket No. 6) at 2-3 (describing cases).) Having received an unfavorable determination from the Steele County courts, he attempts to secure a different result here. But Sundae had a full and fair, and repeated, opportunity to litigate his claims in state court, and therefore principles of res judicata prohibit Sundae from pursuing his failed state-court claims in federal court. Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012).

Accordingly, **IT IS HEREBY ORDERED that** the Motion to Dismiss (docket No. 4) is **GRANTED** and the Complaint (Docket No. 1) is **DISMISSED with prejudice**. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 10, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge